Edward L. **PORTER**

v.

William R. **RICHARDSON.**

Civ. No. 75–0298.

District Court, Canal Zone,
Balboa Division.

Aug. 12, 1975.

Michael C. Pierce, Justice L. Rovin, Balboa, Canal Zone, for plaintiff.

Captain John R. Seeronen (CZ), Fort Amador, Canal Zone, Wallace D. Baldwin, Asst. Dist. Atty., Balboa, Canal Zone, for defendant.

## ORDER

CROWE, District Judge.

This matter was heard in open court as the result of a petition for a writ of habeas corpus filed on the 1st of August, 1975 and in accordance with the provision of the Canal Zone Code, Title 5, Section 1573 a writ was issued and the body of the defendant produced. The defendant is a soldier in the United States Army with the rank PVT E–2 and stationed at Fort Davis, Canal Zone. He is now imprisoned and restrained of his liberty at the confinement facility, Fort Davis, Canal Zone by the Commanding Officer of the 193rd Infantry Brigade, Major General William R. Richardson.

The petitioner prayed for the writ on the basis that his imprisonment and restraint is not to assure his presence at trial but that his commander feels "that he is a threat to the command".

From the military record presented in the case it appears that the petitioner was placed in pretrial confinement on July 8, 1975 and that he was charged with two specifications of assault. The first specification of assault charged that the petitioner had struck another individual with a 45-caliber pistol. The second specification charged that on the day following the first assault the petitioner had assaulted another individual with a pool cue.

The petitioner was placed in pretrial confinement and, thereafter, was interviewed by Lawrence L. Severson, Captain, JAGC, Office of the Staff Judge Advocate, Headquarters, 193rd Infantry Brigade, Canal Zone, who was appointed Military Magistrate to act in such cases and he reviewed the order of pretrial confinement and interviewed the petitioner and determined that the pretrial confinement was justified.

1. It appears that the procedure is in accordance with the provisions of the United States Code of Military Justice which is in accordance with the United States Constitution, Article I, Section 8 and its system of jurisprudence which exists especially for the military.

2. Due process was accorded petitioner as there was compliance with all applicable laws, regulations and directives. "It is the primary business of armies and navies to fight or be ready to fight wars should the occasion arise", *Toth v. Quarles,* 350 U.S. 11, 17, 76 S.Ct. 1, 5, 100 L.Ed. 8 (1955). Therefore, the military must insist upon respect for duty and a discipline without counterpart in civilian life. The accused in pretrial confinement is still paid his salary, is not fired from his job, and is detailed counsel to represent him. A civilian to have due process is entitled to an evidentiary hearing so that he protects his opportunity to go free and permit him to be self-supporting and active as a member of the household and community. Restraint without an evidentiary hearing is more damage to the civilian than to a member of the military for these reasons and the same standards of due process do not apply.

3. The defendant has other adequate remedies within the Military Judiciary System that makes the application of habeas corpus unnecessary. He has had a hearing before the appointed magistrate but additionally he can request an immediate 39a session from the detailed judge to consider the case to permit greater freedom, and he can petition the Military Courts of Review and Military Courts of Appeal under the all writs act for habeas corpus or extraordinary relief.

For the reasons above enumerated the writ of habeas corpus is dismissed and the defendant is remanded to the military authorities for appropriate action.